# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

GARNER WOOD,

      Petitioner,

v.

      Case No. 2:16-CV-12133
      HONORABLE NANCY G. EDMUNDS
      UNITED STATES DISTRICT JUDGE

THOMAS MACKIE,

      Respondent.

_____/

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Garner Wood, ("Petitioner"), confined at the Oaks Correctional Facility in Manistee, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his sentence on one count of second-degree murder, M.C.L.A. § 750.317. For the reasons that follow, the petition for a writ of habeas corpus is DENIED.

## I. Background

Petitioner's conviction stems from his involvement in the intentionally setting of a fire at an apartment complex in September of 2005. The fire caused the death of a 25-year old woman and her 7-year old daughter.

1

The intent of the fire was to "flush out" Gregory Baines from the apartment. The fire did not kill Baines, who was gunned down the following day at a local night club. Petitioner was charged with the shooting of Gregory Baines and Curtis Wade in a separate case, No. 08-22538-FC. Due to evidentiary issues, the prosecutor later brought charges for the conspiracy, first degree felony murder, second degree murder, and arson of a dwelling house in a separate case which is now before this Court. Petitioner accepted a plea in both cases.

Prior to Petitioner's no contest plea to one count of second degree murder (now before this Court), Petitioner entered a guilty plea on March 1, 2013, in Case Number 08-22538-FC, to second degree murder for the shooting deaths of Gregory Baines and Curtis Wade. He was sentenced pursuant to a Cobb's[1] agreement within the manslaughter sentencing guideline range to a minimum term of 100 months and a maximum term of 22 years, with credit for 1930 days.

In the case now before this Court, Petitioner entered a no contest plea on June 5, 2013, to one count of second degree murder, in exchange

---

[1]People v. Cobbs, 443 Mich. 276, 505 N.W.2d 208 (1993), the Michigan Supreme Court authorizes a judge to preliminarily indicate the appropriate length of sentence, but if the defendant subsequently pleads guilty and the judge determines that the sentence must exceed the preliminary evaluation, the defendant has an absolute right to withdraw the plea. See M.C.R. 6.310(B)(2)(b); Wright v. Lafler, 247 F.App'x 701, 703 n.1 (6th Cir. 2007).

2

for the dismissal of the original charges brought against him. (T. 6/5/2013, pp. 3, 11-13). Petitioner also entered into an agreement with the Court where the maximum sentence would not exceed twenty-two years in prison. (*Id.* at pp. 10, 12, 16). The Court sentenced Petitioner on June 26, 2013, to a minimum of 14 and 2/3 years to 22 years in prison with credit for 1002 days, to run concurrently with Case Number 08-22538-FC. (T. 6/26/2013, p. 24). On the minimum sentence, the Court departed downward from the guideline range, indicating that Petitioner's cooperation in this and other cases lead to "the apprehension of nearly three dozen individuals involved in the so called Pierson Hood." (*Id.* at pp. 24-25).

On December 23, 2013, Petitioner through appellate counsel filed a delayed application for leave to appeal alleging that "The trial court erred by denying the additional days of jail credit." Petitioner's conviction was affirmed on appeal. *People v. Wood,* No. 319741 (Mich.Ct.App. Jan. 24, 2014); *lv. den.* 847 N.W. 2d 625 (Mich. 2014).

On July 7, 2015, Petitioner, through counsel, filed a motion for relief from judgment raising his jail credit claim and claims of ineffective assistance of trial and appellate counsel. Petitioner's post-conviction motion for relief from judgment was denied. *People v. Wood,* No. 12-

3

30814-FC (Genesee County Cir. Ct., Aug. 25, 2015). The Michigan

appellate courts denied Petitioner leave to appeal. *People v. Wood*, No.

329237 (Mich.Ct.App. Dec. 21, 2015); *lv. den.* 877 N.W.2d 884 (2016).

Petitioner seeks a writ of habeas corpus on the following grounds:

I.  The trial court erred by finding it did not have the discretion
to award the additional jail credit and violated Petitioner's right
to Due Process and Equal Protection by failing to modify the
sentence to reflect the additional jail credit.

II.  Ineffective assistance of trial and appellate counsel.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA), imposes the following standard of

review for habeas cases:

An application for a writ of habeas corpus on behalf of a person
in custody pursuant to the judgment of a State court shall not
be granted with respect to any claim that was adjudicated on
the merits in State court proceedings unless the adjudication of
the claim—

> (1)   resulted in a decision that was contrary to,
> or involved an unreasonable application of,
> clearly established Federal law, as determined by
> the Supreme Court of the United States; or
> (2)   resulted in a decision that was based on an
> unreasonable determination of the facts in light of
> the evidence presented in the State court
> proceeding.

4

court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103.

Petitioner raised his first claim on his direct appeal. The Michigan Court of Appeals denied Petitioner's application for leave to appeal in a form order "for lack of merit in the grounds presented." The Michigan Supreme Court subsequently denied Petitioner leave to appeal in a standard form order without any extended discussion. Determining whether a state court's decision resulted from an unreasonable legal or factual conclusion, as would warrant federal habeas relief, does not require that there be an opinion from the state court that explains the state court's reasoning. *Harrington,* 562 U.S. at 98. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's

burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id.* In fact, when a habeas petitioner has presented a federal claim to a state court and that state court has denied relief, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* at 99. That presumption may be overcome only when there is a reason to think that some other explanation for the state court's decision is more likely. *Id.* at 99-100.

In the present case, the AEDPA deferential standard of review applies to Petitioner's first claim where the Michigan Court of Appeals rejected Petitioner's appeal "for lack of merit in the grounds presented" and the Michigan Supreme Court subsequently denied leave to appeal in a standard form order, because these orders amounted to a decision on the merits. See *Werth v. Bell*, 692 F.3d 486, 492-94 (6th Cir. 2012).

### III. Discussion

**A. Claim # 1. The jail credit/due process claim.**

Petitioner claims that the trial court violated his Fourteenth Amendment right to Due Process and Equal Protection when it denied his motion to modify his sentence to provide additional jail credit towards time

served.

A federal court may grant a writ of habeas corpus only if petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a). Therefore, violations of state law and procedure which do not infringe specific federal constitutional protections are not cognizable claims under Section 2254. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A prisoner has no right under the federal constitution to earn or receive sentencing credits. *See Moore v. Hofbauer,* 144 F. Supp. 2d 877, 882 (E.D. Mich. 2001)(citing *Hansard v. Barrett,* 980 F.2d 1059, 1062 (6th Cir.1992)). Because Petitioner's claim challenges the interpretation and application of state crediting statutes, the claim is noncognizable on federal habeas review. *See Howard v. White,* 76 F.Appx 52, 53 (6th Cir. 2003); *see also Grays v. Lafler,* 618 F. Supp. 2d 736, 747 (W.D. Mich. 2008).

## B. Claim # 2. The ineffective assistance of counsel claims.

Petitioner claims he was denied the effective assistance of counsel at the trial and appellate level.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two

prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* In other words, Petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes,* 558 U.S. 15, 27 (2009). The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt,* 395

F.3d 602, 617 (6th Cir. 2005).

Petitioner alleges that trial counsel was ineffective by failing to present the applicable case law, or other authority, to enable the trial court to grant the additional jail credit.

Petitioner was arrested for the night club murders on February 21, 2008. He was given 1930 days of jail credit at the time of sentencing on June 4, 2013.

The charges relating to the arson were brought on September 12, 2010. On June 23, 2013, the court sentenced Petitioner on the second degree murder charge, which resulted from a no contest plea relating to the arson case. The presentence investigation report (PSIR) calculated the jail credit from the date of the arrest warrant on the arson, to the date it was dismissed, and then from the date of the re-issuance of the arson related charges [15 days later] to the date of sentencing. Petitioner's jail credit totaled 1002 days. (T. 6/26/2013, pp. 15-16). Trial counsel argued at sentencing that Petitioner should be credited 1952 days time served. (*Id*, p. 9).

Trial counsel submitted numerous arguments in support for the additional jail credit which included 1) reliance on a guarantee to the 1952

days of jail credits at the time of the taking of the plea, and 2) legal

support for the credits due to a direct relationship between the arson and

subsequent shooting at the night club. Appellate counsel later raised

these arguments in Petitioner's application for leave to appeal.

At the time of the plea, Petitioner asked the court if he would get the

time he already served. (T. 6/5/2013, p. 15). The trial court judge

responded as follows:

> You get every day that you have spent unable to post bond on
> this case. Your lawyers are going to ask me, and I agreed
> with, giving the most liberal view of their request for additional
> credit that may have either preceded your arrest and you were
> in federal custody or there was some break in custody. I'm
> going to give that every consideration and we'll view it as
> openly as I can to the extent the law allows it. So, that could
> mean additional credit. But you can't get anything less in credit
> than every day that you spent in jail unable to post bond. In
> your case, I think it's up to something like 1,600 days. Pardon
> me. It's almost up to 2,000 days. (*Id.* at 15).

Petitioner said he had already served 1930 days. (*Id.*)

At the time of sentencing, trial counsel argued that Petitioner

entered his plea contingent on a promise that he would get 1952 days of

jail credit. The record clearly reflects that the trial court judge informed

Petitioner that he would consider giving as much jail credit as "openly as I

can to the extent the law allows it. So, that could mean additional credit."

*Id.* Petitioner was not unconditionally promised 1952 days of jail credit.

Trial counsel also alleged that the arson was directly connected to the shooting deaths that occurred the next day at the night club. It was counsel's contention that the arson was an attempt to "flush out" Gregory Baines, who was killed the next day at the night club. At the time of sentencing, trial counsel argued that Petitioner was entitled to jail credit from the date of his arrest for the 2008 shooting deaths, because the night club case and arson case were directly related. The charges for the Club Exclusive case were brought in February of 2008, while the charges for the arson were brought on September 12, 2010. The prosecutor indicated that the charges for the arson were delayed in an attempt to determine who actually started the fire. (T. 9/16/2013, p.8). Petitioner also raised this claim in a post-conviction motion. The trial court heard argument and denied the additional jail time finding a lack of legal authority in support of the additional credit.

Petitioner then filed a motion for relief from judgment arguing that he was promised 1952 days jail credit due to a relationship between the shooting deaths and the arson. The 1952 days encompassed the time from Petitioner's arrest on the 2008 charges up to sentencing on the arson

case.

MCL 769.11b provides for jail credit for time served as follows:

Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing.

Trial counsel raised the argument, numerous times, that the two cases were directly related due to a plan to kill Gregory Baines. The trial court denied the jail credit based on the language contained within the statute and based on the statute's interpretation according to *People v. Prieskorn*, 424 Mich. 327, 381 N.W.2d 646 (1985).

The concurring opinion in *Prieskorn* clearly articulates that the statute provides jail credit only "for the offense of which he is convicted..." As such, the *Prieskorn* court denied additional jail credit on related cases finding:

The several qualifications proposed to be added by the opinion of the Court-"any other conviction," "related" and "unrelated" offense or circumstances, "inadequate financial resources," denied "[pursuant] to Const 1963, art 1, § 15"-underscore that the opinion of the Court would by judicial construction add words to the statute not there stated.

*People v. Prieskorn*, 424 Mich. at 361.

13

The *Prieskorn* court found that the additional words were "without support in either the language or in the history or apparent purpose of the statute." *Id.*

This approach has recently been reiterated and clarified in *People v. Raisbeck*, 312 Mich. App. 759, 882 N.W.2d 161 (2015).

As our Supreme Court has explained:

> It has been accurately observed, however, that interpretations of the statute in the Court of Appeals have fallen into one of three general categories: the liberal approach that ordinarily affords credit for any presentence confinement served for whatever the reason, and whether related or unrelated to the crime for which the sentence in issue is imposed; the middle or intermediate approach that asks the question whether the reason for the presentence confinement bears an "intimate and substantial relationship" to the offense for which the defendant was convicted and is seeking sentence credit; and the strict approach which limits credit to presentence confinement that results from the defendant's financial inability or unwillingness to post bond for the offense for which he has been convicted. Presumably, this last category would include instances in which the accused is denied bail under the provisions of art. 1, § 15 of the Michigan Constitution. (citing to *People v. Prieskorn*, 424 Mich. at 334).

Raisbeck's argument relies on cases generally taking the intermediate approach. However, our Supreme Court resolved the apparent conflict among these approaches by holding that "[t]o be entitled to sentence credit for presentence time served,

a defendant must have been incarcerated 'for the offense of which he is convicted.'" Our Supreme Court has since reiterated that "credit is to be granted for presentence time served in jail only where such time is served as a result of the defendant being denied or unable to furnish bond 'for the offense of which he is convicted.'" In other words, our Supreme Court has repudiated the intermediate approach relied on by Raisbeck. The time Raisbeck spent in jail was time served on her previous false pretenses convictions, not time served for the offense of which she was convicted in this case. Accordingly, Raisbeck was not entitled to sentence credit.

*People v. Raisbeck*, 312 Mich. App. at 767.

In *Raisbeck*, the defendant had served 360 days in jail on her prior

false pretenses convictions. The prosecutor later charged *Raisbeck* with

racketeering. *Raisbeck* argued that she was entitled to a credit of 360

days against her sentence for racketeering because the false pretenses

convictions formed, in part, the basis for her racketeering conviction. The

Michigan Court of Appeals found that *Raisbeck* was not entitled to the

additional credit because "a defendant must have been incarcerated 'for

the offense of which he is convicted,'" and "our Supreme Court has

repudiated the intermediate approach relied on by *Raisbeck*. The time

*Raisbeck* spent in jail was time served on her previous false pretenses

convictions, not time served for the offense of which she was convicted in

this case. Accordingly, Raisbeck was not entitled to sentence credit." *Id.*

15

Petitioner alleges that he is entitled to the additional jail credit because his conviction for the shooting deaths is related to the arson. The applicable statute clearly indicates that he is entitled for credit only for time served on the offense for which he is sentenced. The intermediate approach granting jail credit for a rational relationship between two separately charged offenses has been repudiated by the Michigan Supreme Court.

Federal habeas courts "'must defer to a state court's interpretation of its own rules of evidence and procedure' when assessing a habeas petition." *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005)(quoting *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988)). Because the state trial court sitting on post-conviction review determined that petitioner was not entitled to the additional jail credit based on a reading of the applicable state statute and controlling case law, this Court must defer to that determination in resolving petitioner's ineffective assistance of counsel claims. *See Brooks v. Anderson*, 292 F.App'x 431, 437-38 (6th Cir. 2008); *Adams v. Smith*, 280 F. Supp.2d 704, 721 (E.D. Mich. 2003). Petitioner has failed to show that the trial counsel was ineffective for failing to argue the applicable case law to entitle him to the additional jail credits.

Because trial counsel was not ineffective in the handling of Petitioner's case, appellate counsel is not ineffective for failing to bring a claim alleging trial counsel's ineffectiveness or to raise the above arguments which this Court finds are meritless. Petitioner is not entitled to relief on his second and claim.

## IV. Conclusion

The Court will deny the petition for a writ of habeas corpus with prejudice. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *see also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See Allen v. Stovall*, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001). The Court will also deny Petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Id.*

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis*.

_Nancy Edmunds_
**HON. NANCY G. EDMUNDS**
UNITED STATES DISTRICT COURT

Dated: 2-26-18

18