**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GARNER WOOD,

    Petitioner,

v.

THOMAS MACKIE,

    Respondent.
_____/

Civil No. 2:16-CV-12133
HONORABLE NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER DENYING AS MOOT THE MOTION FOR AN EXTENSION OF TIME TO FILE A NOTICE OF APPEAL [Dkt. # 9] AND DIRECTING THE CLERK OF THE COURT TO TRANSFER THE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS [Dkt. # 12] TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

On February 26, 2018, this Court denied petitioner's application for a writ of habeas corpus and denied him a certificate of appealability and leave to appeal *in forma pauperis.*

Petitioner has filed a motion for an extension of time to file a notice of appeal, which is DENIED AS MOOT. The Court orders the Clerk of the Court to transfer petitioner's application to proceed without prepayment of fees and costs to the United States Court of Appeals for the Sixth Circuit.

Fed. R. App. P. 4 (a)(1) states that a notice of appeal must be filed within thirty days of the entry of the judgment or order from which the appeal is taken. This time limit is mandatory and jurisdictional. *Browder v. Director, Department of Corrections of Illinois*, 434 U.S. 257, 264 (1978). The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. *Rhoden v. Campbell*, 153 F.3d 773, 774 (6th Cir. 1998).

Petitioner signed and dated his notice of appeal on March 26, 2018, which was filed

1

with this Court on April 4, 2018. *See* Dkt. # 10.  Under the "prison mailbox rule," petitioner's notice of appeal was deemed filed on March 26, 2018, the date that it was signed and dated by petitioner. *See Houston v. Lack,* 487 U.S. 266, 270-71 (1988).  Petitioner's notice of appeal was timely filed within 30 days of the Court's judgment, thus, his motion for an extension of time to file an appeal is denied as moot. *See Steele v. Supreme Court of U.S.,* 255 F. App'x 534 (C.A.D.C. 2007).

The Court orders the Clerk of the Court to transfer petitioner's application to proceed without prepayment of fees and costs to the Sixth Circuit.

A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985)(citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)(*per curiam*)).  Because jurisdiction of this action was transferred from the district court to the Sixth Circuit upon the filing of the notice of appeal, petitioner's motion should be transferred to that court. *See Grizzell v. State of Tennessee,* 601 F. Supp. 230, 232 (M.D. Tenn. (1984).

## ORDER

Based upon the foregoing, **IT IS ORDERED** that:

(1) The motion for the extension of time to file an appeal [Dkt. 9] is **DENIED AS BEING MOOT.**

(2) The Clerk of the Court shall transfer Petitioner's Application to Proceed Without Fees and Costs to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

s/ Nancy G. Edmunds
**HON. NANCY G. EDMUNDS**
UNITED STATES DISTRICT JUDGE

**Dated: April 6, 2018**